UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

MIKLE ANTHONY BUTLER,

    Plaintiff,

V.

OFFICER GADDIUS, et al.,

    Defendants.

Civil No. 6: 19-182-KKC

**OPINION AND ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

Federal inmate Mikle Butler has filed a *pro se* complaint[1] asserting civil rights claims against federal officials pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). [R. 1] This matter is before the Court to conduct the preliminary screening required by 28 U.S.C. §§ 1915(e)(2), 1915A.[2]

Butler arrived at the United States Penitentiary – McCreary in mid-July 2018. He had previously been diagnosed with six different mental health conditions, and asked Intake Officer Gaddius to promptly refer him to a psychologist so that he could discuss his hallucinations and be assigned to an appropriate wing of the prison. Gaddius did not promptly make such a referral, but instead told him not to mention his mental health issues to other inmates and cautioned that they might attack him if he did. [R. 1 at 2-3] He also was assigned to "the most violent side of the prison," and his requests to be re-assigned were ignored by unidentified staff. Butler met with a staff psychologist 7-10 days later, but she also ignored his request for re-assignment. Butler was also not given his previously-prescribed medications for his mental health conditions, and counselor Mounce disregarded his request for reassignment and concerns about his medications. [R. 1 at 3-4]

---

[1]   Butler actually filed two complaints simultaneously, and the second [R. 1 at 12-22] was inadvertently docketed in this case along with the first. The Court has severed the second unrelated complaint from this action in a separate Order.

[2]   A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010). When testing the sufficiency of the plaintiff's complaint, the Court affords it a forgiving construction, accepting as true all non-conclusory factual allegations and liberally construing its legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012). The description of events that follows therefore sets out Butler's allegations as fact.

In August 2018 Butler asked Officer Hughes whether he had been placed on a call-out list to visit the medical department and to receive his medications. Hughes responded by yelling loudly that "someone better get this little stupid mother*****r or ima shake down everyone's cell!!!" Shortly thereafter several inmates confronted and threatened Butler while Hughes stood nearby. Ten days later, after Butler was returning from the recreation yard, an inmate told him that other inmates were ransacking his cell. When he returned to his cell, that inmate and two others attacked him and one of them stabbed him in the back. These three inmates also stabbed several other inmates from the same "car" (geographic region) as Butler. The BOP later issued an incident report charging Butler with attempting to stab an inmate during the incident; Butler does not indicate whether he was found guilty of that disciplinary offense or lost good time credits as a result. [R. 1 at 4-7, 9]

Butler claims that his rights under the Eighth Amendment were violated by the failure to promptly refer him to a psychologist upon arrival; the failure to ensure he promptly received his medications; and his assignment to a dangerous side of the prison. [R. 1 at 7-8] Butler did not file any inmate grievances regarding these events, but he did file a tort claim with the Bureau of Prisons.[3] Butler states that he sent his only copy of the BOP's April 2019 response to his FTCA claim to this Court in a prior case.[4] [R. 1 at 8] The BOP denied his tort claim, concluding that the ten inmates who were attacked were targeted based upon their geographic association in one "car," and thus officers could not anticipate the assault and acted reasonably. [R. 1 at 9]

Butler has named Gaddius, Mounce, and Hughes as defendants in his complaint, as well as "HSA Jones," "Dr. Parson," the "Psychology Department," the "Medical Department," the "5A Unit Team," and "U.S.P. McCreary Staff." [R. 1 at 1] He seeks $50,000 to $100,000 in compensation or alternatively his release from prison. [R. 1 at 10]

The Court has thoroughly reviewed the complaint and concludes that it must be dismissed. Of the nine named defendants, four are not suable entities: the "Psychology

---

[3] The Court assumes that Butler's reference to filing a tort claim with the BOP means that he filed a request for administrative settlement of a tort claim under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80 ("FTCA"). See 28 U.S.C. § 2675(a).

[4] On January 19, 2019, Butler sent the Court a copy of a two-page handwritten letter directed to the BOP's Regional Director complaining of the conditions of his confinement in the segregation unit. Butler asked the Clerk to "please document this letter" and "provide [him] with some type of noitery [sic] as well as certification of service." The letter was docketed as a case for administrative purposes but was promptly dismissed because Butler did not seek relief from the Court. *In re: Mikle A. Butler*, No. 6:19-CV-22-REW (E.D. Ky. 2019). The Court has not received any other documents, such as the BOP's response to his FTCA claim, from Butler.

Department," the "Medical Department," the "5A Unit Team," and "U.S.P. McCreary Staff" are neither persons nor legal entities that may be sued, and Butler did not identify any individual persons working within those administrative units as defendants. The Court will therefore dismiss the claims against these defendants with prejudice. Butler names "HSA Jones" and "Dr. Parson" as defendants in the caption of the complaint, but he makes no allegations against them at all in the body of it. The Court will therefore dismiss the claims against these persons without prejudice for failure to satisfy Rule 8 of the Federal Rules of Civil Procedure. See *Hill*, 630 F.3d at 470; *Grinter v. Knight*, 532 F. 3d 567, 577 (6th Cir. 2008).

It is questionable whether Butler's allegations against Gaddius and Mounce amount to constitutional violations: Butler was evaluated by a psychologist one week after Gaddius conducted his intake interview, and there is no allegation that Mounce had any authority to reinstate Butler's medications or transfer him to another wing of the prison. His allegations against Hughes are far more serious and suggest (at the very least) a failure to protect claim under the Eighth Amendment. But with respect to his claims against any of the individual defendants, Butler admits that he did not exhaust administrative remedies by using the BOP's Inmate Grievance system. [R. 1 at 8] Federal law requires inmates to exhaust administrative remedies before filing suit. 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."). Where a prisoner plaintiff indicates in his complaint that he did not do so, the complaint should be dismissed without prejudice upon initial screening. *Shah v. Quintana*, No. 17-5053, 2017 WL 7000265, at *1 (6th Cir. July 17, 2017) (citing *Jones v. Bock*, 549 U.S. 199, 214-15 (2007)); *Barnett v. Laurel Co., Ky.*, No. 16-5658, 2017 WL 3402075, at *1 (6th Cir. Jan. 30, 2017). Butler did take steps to administratively exhaust a possible claim under the FTCA, but the FTCA exhaustion procedures are separate from the BOP grievance system which must be followed to exhaust a *Bivens* claim, and exhausting one does not count for the other. Cf. *Mendoza v. United States*, 661 F. App'x 501, 502 (9th Cir. 2016) ("We reject Mendoza's contention that exhaustion under the Prison Litigation Reform Act satisfies the requirement to exhaust under the FTCA."). These claims will be dismissed without prejudice for failure to exhaust administrative remedies.

Accordingly, the Court **ORDERS** as follows:

1. The Court **DISMISSES WITH PREJUDICE** plaintiff Mikle Butler's claims against the "Psychology Department," the "Medical Department," the "5A Unit Team," and "U.S.P. McCreary Staff."

2. The Court **DISMISSES WITHOUT PREJUDICE** plaintiff Mikle Butler's claims against HSA Jones, Dr. Parson, Officer Gaddius, Counselor Mounce, and Officer Hughes.

3. The Court **STRIKES** this matter from the active docket.

Entered: August 1, 2019.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY